UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 20-mc-80718-MARRA/MATTHEWMAN

RAYMOND JAMES & ASSOCIATES,
INC.,

      Petitioner,

vs.

TERRAN ORBITAL CORP.,

      Respondent.

_____/

FILED BY_____KJZ_____D.C.

Sep 8, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**ORDER GRANTING IN PART AND DENYING IN PART NON-PARTY PREDASAR
CORPORATION'S MOTION FOR REIMBURSEMENT OF FEES, COSTS, AND
EXPENSES FOR COMPLYING WITH SUBPOENA
TO PRODUCE DOCUMENTS [DE 30]**

THIS CAUSE is before the Court upon Non-party, PredaSAR Corporation's ("PredaSAR") Motion for Reimbursement of Fees, Costs, and Expenses for Complying with Subpoena to Produce Documents ("Motion") [DE 30]. The Motion was referred to the undersigned by the Honorable Kenneth A. Marra, United States District Judge. See DE 5. Raymond James & Associates, Inc. ("Raymond James") filed a response [DE 31], and PredaSAR filed a reply [DE 32]. Thus, this matter is ripe for review. For the reasons that follow, the Court grants in part and denies in part the Motion.

## I. **Background**

On April 30, 2020, PredaSAR filed its Motion to Quash Subpoena and for Protective Order [DE 1]. The Court held two hearings on the Motions via Zoom Video Teleconference (VTC).

1

Thereafter, on July 1, 2020, the Court entered an Order Granting in Part Non-Party PredaSAR Corporation's Motion to Quash Subpoena and for Protective Order [DE 26]. The Court ordered PredaSAR and Raymond James to confer and submit a proposed agreed protective order and ordered PredaSAR to produce responsive documents to certain of the subpoena requests. *Id.* at pp. 2-5. Finally, the Court required the parties to confer regarding the reasonable costs and expenses incurred by PredaSAR in responding to the subpoena and directed that, if the parties were unable to reach an agreement on a portion of or all of the costs and expenses, the parties should file a motion, and the Court would rule on the motion promptly. *Id.* at p. 5. The Court specifically noted that any costs and expenses claimed by PredaSAR must be reasonable and authorized under Federal Rule of Civil Procedure 45 and the applicable case law. *Id.*

On August 18, 2020, PredaSAR filed the instant Motion, seeking reimbursement from Raymond James for $38,637.00 in costs and expenses incurred in complying with the subpoena. [DE 30, p. 4]. Raymond James has already agreed to reimburse PredaSAR the total sum of $1,800.00. *Id.* PredaSAR has produced 150 pages of documents to Raymond James, but it is withholding another 700 pages of documents until the Court rules on the Motion. *Id.* at pp. 4-5. Attached to the Motion are the Affidavit and of Attorneys' Fees and Costs filed by Jo-Jean Panton Figueira, Esq. [DE 30-1], attorney time records [DE 30-1], and employee time records [DE 30-2].

In response to the Motion, Raymond James argues that PredaSAR has "failed to adhere to this Court's rules and directives, and its reimbursement requests are contrary to well-established law. Because PredaSAR's motion is the culmination of its unreasonable discovery positions, the Court should issue sanctions against PredaSAR to remedy the flawed discovery process that PredaSAR's conduct has engendered." [DE 31, p. 1]. Raymond James contends that PredaSAR

2

failed to confer in compliance Local Rule 7.3 before filing its Motion. *Id.* at pp. 4-6. It also asserts that the fees and costs claimed by PredaSAR are not recoverable or reasonable. *Id.* at pp. 6-13.

In reply, PredaSAR first argues that Local Rule 7.3 is inapplicable here. [DE 32, p. 3]. PredaSAR next contends that the fees, expenses, and costs it seeks to recover are both recoverable and reasonable. *Id.* at pp. 3-10.

## II. Legal Standard

"Under Rule 45(d) (formerly 45(c)), there are two related avenues by which a person subject to a subpoena may be protected from the costs of compliance: sanctions under Rule 45(d)(1) and cost-shifting under Rule 45(d)(2)(B)(ii)." *In re: Modern Plastics Corp.*, 890 F.3d 244, 250 (6th Cir. 2018) (internal quotation marks and citations omitted). A non-party subject to subpoena is entitled to protection from "significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii).

"The degree to which the non-party is reimbursed, however, remains within the court's discretion." *In re Gladstone Consulting, Inc.*, No. 17-80845-CIV, 2018 WL 7820218, at *2 (S.D. Fla. Sept. 21, 2018) (citing *Under v. Calero-Portocarrero*, 180 F.R.D. 168, 177 (D.D.C. 1998)) ("Protection from significant expense does not mean that the requesting party necessarily must bear the entire cost of compliance.") (internal quotations and citations omitted). "Despite the required protection from significant expense, [a] non-party can be required to bear some or all of its expenses where the equities of a particular case demand it." *Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*, 2016 WL 1658765, at *7 (S.D. Fla. Apr. 26, 2016) (internal citations and quotations omitted). "Courts have used a balancing approach to examine the equities of each particular case in order to determine how much cost to shift from the non-party to the discovering

3

party, including whether the non-party actually has an interest in the outcome of the case, whether the non-party can more readily bear its cost than the requesting party, and whether the litigation is of public importance." *Id.*

Rule 45(d)(2) contemplates that, after a non-party subpoena recipient objects to a subpoena, the court in the district where compliance is required may enter an order compelling the production, but such order must protect the non-party from "significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii). "The rule draws no distinction between compliance costs incurred before the court's order and those incurred after." *In re Gladstone Consulting, Inc.*, 2018 WL 7820218.

### III. Analysis and Discussion

The parties do not dispute PredaSAR's right to reimbursement from Raymond James for PredaSAR's "reasonable" fees, costs, and expenses. Rather, they disagree on the reasonableness, necessity, and amount of those costs. Thus, the Court focuses its analysis on the two disputed cost categories: A) PredaSAR's outside counsel fees, and B) its internal invoices.

The Court must note as an initial matter, however, that it is displeased with and frustrated by the conduct of PredaSAR and PredaSAR's counsel. First, despite her protestations to the contrary, PredaSAR's counsel was clearly obligated to confer in a more meaningful way with counsel for Raymond James before filing PredaSAR's Motion. The Court instructed the parties to confer about costs in its prior Order and assumed that the parties would do so in good-faith. Moreover, while PredaSAR is correct that it was not required to comply with Local Rule 7.3, which is inapplicable to the procedural posture of this case, PredaSAR was still required to comply

with Local Rule 7.1(a)(3), which requires good-faith conferral before filing a motion. Good faith conferral is expected by all counsel who practice before this Court, and it was required here.

Second, the Court clearly never intended for PredaSAR to withhold production of any documents until after the issue of costs was decided by the Court. The Court stated in its prior Order that it would promptly rule on any motion for costs not because it intended for PredaSAR to withhold production, but because the Court wanted to be fair to PredaSAR and wanted PredaSAR to be reimbursed quickly. PredaSAR's unilateral and unauthorized decision to withhold documents until the costs issue is decided by this Court is not appreciated by this Court, and any further refusal by PredaSAR to comply with a Court Order will result in sanctions.

Third, as further discussed below, it seems to the Court that PredaSAR and its counsel have greatly inflated PredaSAR's claimed costs and have disregarded the Court's statement in its prior Order that PredaSAR is entitled to costs that are <u>reasonable</u> and <u>authorized under Federal Rule of Civil Procedure 45 and the applicable case law</u>.

### A.  Outside Counsel Fees

PredaSAR seeks reimbursement for $34,620.00 in attorney's fees for work performed by its outside counsel, Jo-Jean Panton Figueira, P.A., as well as $47.00 in costs incurred in filing the Motion to Quash Subpoena and for Protective Order. [DE 30-1, p. 2]. PredaSAR's outside counsel claims she spent 115.40 hours in complying with the subpoena. *Id.* She bills at an hourly rate of $300.00. *Id.* According to PredaSAR, it was "forced to hire outside legal counsel" to carry out all of the tasks related to fighting and responding to the subpoena. [DE 30, p. 7].

The Court agrees, and Raymond James does not dispute, that PredaSAR is permitted to seek fees for attorney time related to the data production. Courts have awarded labor costs incurred

to convert and produce data, *Jardin v. DATAllegro, Inc.*, No. 8-1462, 2011 WL 4835724, at *9 (S.D. Cal. 2011), and for attorney's and paralegal's fees incurred in producing documents, *U.S. v. Columbia Broadcasting Sys., Inc.*, 666 F.2d 364, 366-67 (9th Cir. 1982). However, Rule 45 "does not establish a blanket requirement that all of a nonparty's legal fees are reimbursable so long as they are somehow related to its efforts in responding to a subpoena." *In re: Am. Hous. Found.*, No. 2:12-cv-00222, 2013 WL 2422706, at *2 (N.D. Tex. June 4, 2013). "Reimbursable fees are those that are necessary to the third party's compliance and thus benefit the requesting party or are of assistance to the court." *Id.*

"The plain language of Rule 45 provides that non-parties must be protected from significant expenses resulting from *compliance* [with a court order or subpoena]. It is a tenuous proposition, at best, that attorneys' fees incurred *resisting* a subpoena are expenses resulting from compliance." *Stormans Inc. v. Selecky*, No. C07-5374 RBL, 2015 WL 224914, at *5 (W.D. Wash. Jan. 15, 2015); *see also In re Aggrenox Antitrust Litig.*, No. 3:14-MD-02516 (SRU), 2017 WL 4679228, at *9 (D. Conn. Oct. 18, 2017) (finding that legal fees incurred related—directly or indirectly—to its efforts to resist the subpoena were not recoverable).

When considering fee-shifting, "the issue is one of judicial discretion balanced against the reasonableness of the fees claimed." *Western Ben. Solutions, LLC v. Gustin*, No. 11-0099, 2012 WL 4417190, at *5 (D. Idaho Sept. 24, 2012). Here, the Court will not reduce counsel's hourly rate. Raymond James does not object to counsel's rate, and the Court finds it to be reasonable.

However, upon very careful review of counsel's time entries, and in light of all the facts of this case, including those discussed above which relate to reasonableness, the Court finds that counsel's fees should be dramatically reduced. First, much of the time billed was for legal work

6

related to resisting the subpoena rather than complying with it. For example, the billing entries between March 27, 2020, and June 4, 2020 (the date of the first hearing on the motion to quash), relate to resisting the subpoena. This time period alone resulted in over $14,00.00 in attorney's fees, which is more than one-third of the total attorney's fees claimed by outside counsel. Second, the time records include administrative tasks, such as e-filing documents and inserting Bates stamps, billed at an attorney rate; block billing; vague billing; and other issues that make it impossible for the Court to decipher which time was actually reasonable and which was not. Third, it appears to the Court that the time billed for legal work related to actually complying with the subpoena is excessive, especially in light of the fact that PredaSAR's employees also spent so much time searching for, locating, and compiling documents responsive to the subpoena, as discussed below. Fourth, PredaSAR and its counsel have caused the production of relevant documents to be unnecessarily difficult and litigious, which necessarily increased their fees incurred. Fifth, the touchstone here is reasonableness and the Court finds that the attorney's fees sought by PredaSAR are not reasonable. Accordingly, and in light of the Court's own experience, the Court finds that a 75% reduction in the fees claimed by PredaSAR's outside counsel fees is warranted. This results an attorney's fee award of $8,655.00.

With regard to the $47 fee for filing PredaSAR's Motion to Quash Subpoena and for Protective Order, the Court finds that the fee is not reimbursable as it clearly pertains to resisting, rather than complying with, the subpoena.

### B. PredaSAR's Internal Invoices

PredaSAR is also seeking $3,970.00 (a total of $5,770.00 minus the $1,800.00 already reimbursed by Raymond James) in costs incurred by five of its employees since they were forced

to take time away from their day-to-day activities to search for, locate, identify, and copy the documents responsive to the subpoena. [DE 30, pp. 7-8]. The hourly rates charged by the employees range from $75-$300. *Id.* at p. 8. PredaSAR argues that the rates are reasonable given that PredaSAR is a high-tech company involved in building and operating a satellite constellation. *Id.* PredaSAR also explains in its reply that the hourly rates were calculated using the employees' annual salaries and that the five employees were the only ones who could have searched for the documents as they are the sole custodians of the documents. [DE 32, p. 7].

Pursuant to Rule 45, in order to avoid undue burden or expense, "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1); *see also Miami-Dade Cty. v. Johnson Controls, Inc.*, No. 10-20881-CIV, 2011 WL 1548969, at *4 (S.D. Fla. Apr. 21, 2011) (requiring the party that issued a subpoena to reimburse the subpoenaed party "at the regular hourly salary rate for each employee who is reasonably and necessarily involved in the production of the requested documents.").

Raymond James does not argue that this type of costs reimbursement is impermissible pursuant to Rule 45. Rather, Raymond James argues that $5,770.00 for approximately 36 hours of employee time associated with responding to the subpoena in this particular case is not reasonable or reimbursable "because the rates are excessive[,] and the time claimed for the collection and production of less than 1,000 pages of documents is unreasonable." [DE 31, p. 11]. Raymond James has cited cases supporting its position that the rates claimed by the employees are excessive. *Id.* at pp. 11-12.

8

One of the cases relied on by Raymond James, *Siltronic Corp. v. Employers Ins. Co. of Wausau*, No. 3:11-CV-1493-ST, 2014 WL 991822 (D. Or. Mar. 13, 2014), is particularly relevant. In that case, a business "proffered a general explanation for its charges, including the need to obtain documents and emails from 31 current and former employees and the need for some of the search to be done by scientists in order to identify responsive documents." *Id.* at *2. The court noted that the hourly rates for those employees ranged from $65.00 to $160.00 and found that "[a] minimum charge of $65.00 per hour to search and copy documents is inherently unreasonable and cannot be justified." *Id.*

The Court has carefully reviewed the time billed by the employees. [DE 30-2]. It appears that the five employees billed at rates varying from $75 to $350. *Id.* They billed approximately 36 hours to search for and locate approximately 850 pages of documents. *Id.* The billing entries are slightly deficient in that they are vague, and it appears that in-house counsel and outside counsel may have completed some duplicative work in complying with the subpoena.

On the other hand, the Court understands the nature of PredaSAR's business and finds that the employee rates, while on the high side of reasonable, should not be greatly reduced. The *Siltronic* case is now six years old and is different from the case at hand where PredaSAR only has six employees, and five of them had to participate in complying with the subpoena because each was the custodian of some portion of the documents. This clearly had a major effect on the productivity of PredaSAR's business for a short period of time. Raymond James was also aware before PredaSAR searched for the documents of the nature of the company, the fact that there are few employees, that complying with the subpoena would be burdensome for PredaSAR, and that the Court would be awarding PredaSAR reasonable costs. In light of all of these considerations,

9

the Court will reduce the $3,970.00 currently being claimed by PredaSAR (as Raymond James has already paid $1,800.00) by 20%. This 20% reduction is due to the rates of the employees, which are on the high side of reasonable, and the vague billing entries that prevent the Court from fully determining if the fees are completely reasonable. A reduction of 20% results in a total of $3,176.00 in costs for the internal invoices.

## IV. Conclusion

In light of the foregoing, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Court **GRANTS IN PART** and **DENIES IN PART** PredaSAR's Motion for Reimbursement of Fees, Costs, and Expenses for Complying with Subpoena to Produce Documents [DE 30].

2. PredaSAR shall produce the withheld 700 pages of documents on or before **September 14, 2020**. No further production delays shall be tolerated by the Court.

3. The Court **ORDERS** Raymond James to further reimburse PredaSAR for its costs for subpoena compliance in the amount of $11,831.00. This amount is comprised of $8,655.00 in costs for the fees incurred by outside counsel and $3,176.00 in costs for the internal invoices. Full payment in the amount of $11,831.00 shall be made by Raymond James within 30 days of the date of this Order. Payment shall be made to the Trust Account of PredaSAR's counsel.

4. Raymond James' request for sanctions against PredaSAR is DENIED WITHOUT PREJUDICE. The Court will not award costs under Federal Rule of Civil Procedure 37 or its inherent powers at this juncture. However, if PredaSAR fails to comply with this Order, the Court will not hesitate to sanction PredaSAR and its counsel.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the

Southern District of Florida, this 8th day of September, 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge